UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IMO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:05-CV-420-MU |
| | ) | |
| v. | ) | |
| | ) | |
| SEIM S.R.L., | ) | **AMENDED COMPLAINT AND** |
| SETTIMA MECCANICA S.R.L., and | ) | **DEMAND FOR JURY TRIAL** |
| INNOVATIVE CONTINENTAL | ) | |
| EQUIPMENT, LLC, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, by and through its undersigned attorneys, complaining of Defendants, alleges as follows:

Jurisdiction and Venue

1. This is an action for patent infringement arising under the patent laws of the United States. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

2. This Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. §1391(d). Defendants Seim s.r.l., (hereinafter "Seim") and Settima Meccanica s.r.l., (hereinafter "Settima") are both foreign corporations transacting business in the United States. Further, this Court has jurisdiction over Defendants Seim and Settima pursuant to N. C. GEN. STAT. §1-75.4, in that the Defendants conduct substantial business activity in the State of North Carolina and in this District and, in the course of such business activity, Defendants Seim and Settima have engaged in the conduct described herein.

3.      This Court has personal jurisdiction over Defendant Innovative Continental Equipment, LLC, (hereinafter "ICE") pursuant to 28 U.S.C. §§ 1391(d) and 1400. Defendant ICE conducts substantial business in this district. Defendant ICE maintains a website on the Internet at [www.ic-equipment.com](www.ic-equipment.com) which is accessible in this district. Further, this Court has jurisdiction over Defendant ICE pursuant to N. C. GEN. STAT. §1-75.4, in that upon information and belief the Defendant conducts substantial business activity in the State of North Carolina and in this District and, in the course of such business activity, Defendant ICE has engaged in the conduct described herein.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(d) and 1400.

### Parties

5.      Plaintiff IMO Industries, Inc. (hereinafter "IMO") is a corporation duly registered and existing under the laws of the State of Delaware. Plaintiff's primary place of business is located at 1710 Airport Rd., Monroe, North Carolina, USA.

6.      Defendant Seim is an Italian company with a primary location of Via A. Volta, 17-20090 Cusago (MI), Italy. Defendant Seim transacts business within the United States, specifically within this District.

7.	Defendant Settima is an Italian company with a primary location of 29020 Loc. Conca di Settima, Gossolengo (PC), Italy. Defendant Settima transacts business within the United States, specifically within this District.

8.	Defendant ICE is a limited liability company duly registered and existing under the laws of the State of New Jersey. ICE has a principal place of business located at 225 Route 46, Suite 1A, Totowa, New Jersey 07512. Upon information and belief, Defendant ICE is a distributor of the elevator pumps manufactured by Defendant Seim throughout the United States, and specifically within this district.

**Count 1: Patent Infringement**
(Direct Infringement of the '821 Patent Against Defendant Seim)

9.	IMO is the exclusive licensee of all rights and interests in United States Patent No. 5,123,821 (hereinafter the "'821 patent") entitled "Screw Spindle Pump With A Reduced Pulsation Effect," which was duly and lawfully issued by the United States Patent and Trademark Office on June 23, 1992. A copy of the '821 patent is attached hereto and incorporated herein by reference as Exhibit 1. A copy of the exclusive license agreement is attached hereto and incorporated by reference as Exhibit 2.

10.	Defendant Seim has made, used, offered for sale, and/or sold in interstate commerce throughout the United States pumps that infringe one or more claims of the '821 patent and will continue to do so unless enjoined by this Court.

11.     Defendant Seim had actual knowledge of Plaintiff IMO's '821 patent. Defendant has been notified in writing of its violation of plaintiff's rights under the '821 patent, and defendant has, with full knowledge of that patent, willfully and wantonly proceeded, and continued to infringe, in disregard of plaintiffs rights thereunder.

12.     Upon information and belief, Defendant Seim has actively induced infringement of the '821 patent, by encouraging its customers and prospective customers, including individuals and business within this judicial district, to purchase, use, offer to sell, and/or sell pumps that infringe the '821 patent.

13.     Upon information and belief, Defendant Seim's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '821 patent and Plaintiff's rights.

14.     Defendant Seim's infringement of the '821 patent has caused and will continue to cause damage and irreparable harm to Plaintiff unless Defendant Seim's infringing activities are enjoined by this Court.

15.     Plaintiff IMO has no adequate remedy at law.

**Count 2: Patent Infringement**
(Direct Infringement of the '821 Patent Against Defendant Settima)

16.     Plaintiff IMO hereby repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17.     Defendant Settima has made, used, offered for sale, and/or sold in interstate commerce throughout the United States pumps that infringe one or more claims of the '821 patent and will continue to do so unless enjoined by this Court.

18.     Defendant Settima had actual knowledge of Plaintiff IMO's '821 patent. Defendant has been notified in writing of its violation of plaintiff's rights under the '821 patent, and defendant has, with full knowledge of that patent, willfully and wantonly proceeded, and continued to infringe, in disregard of plaintiffs rights thereunder.

19.     Upon information and belief, Defendant Settima has actively induced infringement of the '821 patent, by encouraging its customers and prospective customers, including individuals and business within this judicial district, to purchase, use, offer to sell, and/or sell pumps that infringe the '821 patent.

20.     Upon information and belief, Defendant Settima's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '821 patent and Plaintiff's rights.

21.     Defendant Settima's infringement of the '821 patent has caused and will continue to cause damage and irreparable harm to Plaintiff unless Defendant Settima's infringing activities are enjoined by this Court.

22.     Plaintiff IMO has no adequate remedy at law.

## Count 3: Patent Infringement
(Direct Infringement of the '821 Patent Against Defendant ICE)

23.     Plaintiff IMO hereby repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     Upon information and belief, Defendant ICE has made, used, offered for sale, and/or sold in interstate commerce pumps that infringe the '821 patent.

25.     Upon information and belief, Defendant ICE had actual knowledge of Plaintiff IMO's '821 patent.  Defendant has, with full knowledge of that patent, willfully and wantonly proceeded, and continued to infringe, in disregard of plaintiffs rights thereunder.

26.     Upon information and belief, Defendant ICE has actively induced infringement of the '821 patent, by encouraging its customers and prospective customers, including individuals and business within this judicial district, to purchase, use, offer to sell, and/or sell pumps that infringe the '821 patent.

27.     Upon information and belief, Defendant ICE's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '821 patent and Plaintiff's rights.

28.     Defendant ICE's infringement of the '821 patent has caused and will continue to cause damage and irreparable harm to Plaintiff unless Defendant ICE's infringing activities are enjoined by this Court.

29.     Plaintiff IMO has no adequate remedy at law.

### Count 4: Unfair Competition in Violation of N. C. GEN. STAT. §75-1.1
(Unfair Competition Against Defendant Seim)

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as if fully rewritten and set forth herein.

31.     Defendant Seim's conduct was in commerce and affected commerce. Seim's conduct involved a business activity, and substantially and adversely affected Plaintiff's business activity.

32.     As a direct and proximate result of Defendant Seim's conduct, Plaintiff was injured.

33.     A reasonable prudent person could have reasonably foreseen that the conduct engaged in by Defendant Seim would probably produce the injuries sustained by Plaintiff. Upon information and belief, Defendant Seim reasonably foresaw that their conduct would result in the injuries sustained by Plaintiff.

34.     Upon information and belief, Defendant Seim intentionally set out to cause Plaintiff's injuries. Defendant Seim acted willfully and wantonly with respect to the conduct perpetrated against Plaintiff. Plaintiff has suffered damages in the form of lost profits, loss in the value of Plaintiff's business as a growing concern, and loss in the goodwill and favorable reputation associated with Plaintiff's name in the industry.

35.     The above-described conduct of Defendant Seim constitutes unfair and deceptive trade practices committed in commerce that have proximately caused injury to Plaintiff.

36.     Upon information and belief, in addition to the above-described conduct, Defendant Seim committed other violations of N. C. GEN. STAT. §75-1.1 that will be discovered during discovery, all of which should be added herein.

### Count 5: Unfair Competition in Violation of N. C. GEN. STAT. §75-1.1
(Unfair Competition Against Defendant Settima)

37.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully rewritten and set forth herein.

38.     Defendant Settima's conduct was in commerce and affected commerce. Settima's conduct involved a business activity, and substantially and adversely affected Plaintiff's business activity.

39.     As a direct and proximate result of Defendant Settima's conduct, Plaintiff was injured.

40.     A reasonable prudent person could have reasonably foreseen that the conduct engaged in by Defendant Settima would probably produce the injuries sustained by Plaintiff. Upon information and belief, Defendant Settima reasonably foresaw that their conduct would result in the injuries sustained by Plaintiff.

41.     Upon information and belief, Defendant Settima intentionally set out to cause Plaintiff's injuries.  Defendant Settima acted willfully and wantonly with respect to the conduct perpetrated against Plaintiff.  Plaintiff has suffered damages in the form of lost profits, loss in the value of Plaintiff's business as a growing concern, and loss in the goodwill and favorable reputation associated with Plaintiff's name in the industry.

42.     The above-described conduct of Defendant Settima constitutes unfair and deceptive trade practices committed in commerce that have proximately caused injury to Plaintiff.

43.     Upon information and belief, in addition to the above-described conduct, Defendant Settima committed other violations of N. C. GEN. STAT. §75-1.1 that will be discovered during discovery, all of which should be added herein.

**Count 6: Unfair Competition in Violation of N. C. GEN. STAT. §75-1.1**
(Unfair Competition Against Defendant ICE)

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully rewritten and set forth herein.

45. Defendant ICE's conduct was in commerce and affected commerce. ICE's conduct involved a business activity, and substantially and adversely affected Plaintiff's business activity.

46. As a direct and proximate result of Defendant ICE's conduct, Plaintiff was injured.

47. A reasonable prudent person could have reasonably foreseen that the conduct engaged in by Defendant ICE would probably produce the injuries sustained by Plaintiff. Upon information and belief, Defendant ICE reasonably foresaw that their conduct would result in the injuries sustained by Plaintiff.

48. Upon information and belief, Defendant ICE intentionally set out to cause Plaintiff's injuries. Defendant ICE acted willfully and wantonly with respect to the conduct perpetrated against Plaintiff. Plaintiff has suffered damages in the form of lost profits, loss in the value of Plaintiff's business as a growing concern, and loss in the goodwill and favorable reputation associated with Plaintiff's name in the industry.

49. The above-described conduct of Defendant ICE constitutes unfair and deceptive trade practices committed in commerce that have proximately caused injury to Plaintiff.

Upon information and belief, in addition to the above-described conduct, Defendant ICE committed other violations of N. C. GEN. STAT. §75-1.1 that will be discovered during discovery, all of which should be added herein.

50.  Each Defendant's willful violations of N. C. GEN. STAT. §75-1.1 damaged Plaintiff in an amount greater than $75,000 (seventy five thousand dollars). Such damages consist of lost sales, lost profits, loss in the value of Plaintiff's business as a growing concern, and other damages which may be discovered during discovery, all of which should be added herein. Plaintiff is entitled to receive such damages from Defendants jointly and severally.

<u>Prayer For Relief</u>

**WHEREFORE**, Plaintiff IMO respectfully prays that the Court grant the following relief:

1.  That the court preliminarily and permanently enjoin Defendants from making, assembling, importing, using, selling, and/or offering for sale, or inducing others to make, use, sell, and/or offering to sell, products that infringe the '821 patent;

2.  That Plaintiff have and recover damages from Defendants, pursuant to 35 U.S.C. §284, including interest from the date of infringement;

3.  For an award of treble the amount of compensatory damages found pursuant to 35 U.S.C. §284;

4.  For an award of punitive damages based on the willful and wanton nature of Defendants' activities;

5.  That the Court declare this case exceptional and tax the Defendants with Plaintiff's reasonable attorney's fees pursuant to 35 U.S.C. §285 and/or N. C. GEN. STAT. §75-16.1;

6.  That the Court tax the Defendants with the cost of this action;

7.  That the Court order the impounding and destruction of all products in the Defendants' possession, custody, or control that infringe the '821 patent, and of all the products that can be used to make or advertise the infringing product;

8.  That Defendants be required to account to Plaintiff for all profits and damages resulting from Defendants' unlawful unfair competition and that the award to Plaintiff be increased as provided for under N. C. GEN. STAT. §75-16;

9.  That the Court grant such other and further relief as it deems just and proper;

## Jury Demand

10. That all issues so triable be tried by jury.

Respectfully submitted,

**s/ Russell M. Racine**
Russell M. Racine (NC Bar No. 33,593)
Jason S. Miller (NC Bar No. 28,374)
**Attorneys for Plaintiff**
DOUGHERTY | CLEMENTS
1901 Roxborough Rd., Ste. 300
Charlotte, NC 28211
Tel: (704) 790-3600
Fax: (704) 366-9744
Email: rracine@worldpatents.com

Dated: August 17, 2006