IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-420-MU

| | |
|---|---|
| IMO INDUSTRIES, INC., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) **ORDER** |
| SEIM S.R.L.,<br>SETTIMA MECCANICA S.R.L., and<br>INNOVATIVE CONTINENTAL<br>EQUIPMENT, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court upon the Plaintiffs' Motion for Preliminary Injunction (Document #27). Plaintiff is seeking to enjoin Defendants from selling, offering to sell, and marketing their pump, which according to Plaintiff, infringes on Plaintiff's patent. For the reasons set forth below, Plaintiff's motion is DENIED.

**I. BACKGROUND**

IMO Industries, Inc. ("IMO") supplies products to the hydraulic elevator industry. One of those products is a submersible elevator screw pump. IMO's screw pump is a three-rotor, positive displacement screw pump with an axial flow design. This particular pump is covered by the claims of U.S. Patent No. 5,123,821 ("the '821 patent"). The patent holder is Allweiler, and IMO is the exclusive licensee of that patent. IMO claims that the pumps built and sold by Seim S.R.l, Settima Flow Mechanisms, S.R.I., and Innovative Continental Equipment, LLC (collectively, "Defendants") have or are intended to have the same function as the pump covered

by the "821 patent. IMO asserts that the Defendants are infringing on the "821 patent and is requesting a preliminary injunction to enjoin the Defendants from selling this type of submersible pump.

## II. DISCUSSION

A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp v. ULSI Sys. Tech, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). To demonstrate the necessity of a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits of the underlying litigation; (2) immediate irreparable harm if relief is not granted; (3) a balance of hardships of the parties weighs in favor of the party; and (4) the public interest is best served by granting the injunctive relief. *Polymer Techs., Inc. v. Bridewell*, 103 F.3d 970, 973 (Fed. Cir. 1996). The moving party bears the full burden of proving each factor. While no single factor is dispositive, both of the first two factors must be shown for a preliminary injunction to be granted. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

### A. IMO's Likelihood of Success on the Merits of the Underlying Litigation

This Court finds that IMO does not have standing to bring a suit for infringement, and therefore, IMO cannot show likelihood of success on the merits of their underlying case.

In order to have standing, IMO must have the right to enforce the patent. IMO claims that its licensing agreement with Allweiler, the patent holder, gives IMO enforcement rights. But there is no explicit language in the agreement that would give IMO the right to enforce the patent. IMO argues that it has a "complete assignment of the patent owner's rights," including

enforcement. Plaintiff's Reply Memorandum in Support of Motion for Preliminary Injunction (Document #36). This Court disagrees. Under *Abbot Laboratories v. Diamedix Corporation v. Ortho Diagnostic Systems*, the Federal Circuit clearly stated that "[i]f the patent owner grants only a license, the title remains in the owner of the patent; and suit must be brought in his name." 47 F.3d 1128, 1131 (Fed. Cir. 1995) *citing Waterman v. Mackenzie*, 138 U.S. 252 (1891) Further, IMO cites no support for their argument, nor could this Court find any support for such an argument after extensive research.

Although IMO is the exclusive licensee of the Allweiler's patent '821, that right is geographically limited to the United States. Allweiler, therefore, as owner retains all rights under the patent everywhere else in the world. In addition, this Court notes that the term of the license is equivalent to the life of the patent, yet either party can terminate the agreement with 30 days notice. These qualities of the licensing agreement further weigh against IMO's argument of "complete assignment."

As IMO cannot demonstrate a likelihood of success on the merits, this Court finds any further analysis of the remaining factors unnecessary.

Since IMO alone , without joinder of the patent owner,does not have standing to bring a suit for enforcement and therefore cannot show likelihood of success on the merits, and because a preliminary injunction cannot be granted without such a showing,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**.

Signed: October 17, 2006

Graham C. Mullen
United States District Judge