IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-420-MU

| | | |
|---|---|---|
| IMO INDUSTRIES, INC. and ALLWEILER AG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| SEIM S.R.L. and INNOVATIVE CONTINENTAL EQUIPMENT, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court upon Defendant Innovative Continental

Equipment's Motion to Dismiss for Lack of Personal Jurisdiction (Document #41). For the

reasons set forth below, Defendant's motion is GRANTED.


**I. BACKGROUND**

IMO Industries, Inc. ("IMO") supplies products to the hydraulic elevator industry. One of

those products is a submersible elevator screw pump. IMO's screw pump is a three-rotor,

positive displacement screw pump with an axial flow design. This particular pump is covered by

the claims of U.S. Patent No. 5,123,821 ("the '821 patent"). The patent holder is Allweiler, and

IMO is the exclusive licensee of that patent.

On October 5, 2006, Innovative Continental Equipment, LLC ("ICE") filed its Motion to

Dismiss for lack of personal jurisdiction in response to IMO's First Amended Complaint against

Defendants ICE and SEIM s.r.l. ("Seim"). On October 23, 2006, IMO amended its complaint to

join Allweiler as a co-plaintiff.

Seim is an Italian company with a primary location of Via A. Volta, 17-20090
Cusago (MI), Italy.  ICE is a limited liability company duly registered and existing under the laws
of New Jersey. ICE has a principal place of business located at 225 Route 46, Suite 1A, Totowa,
New Jersey 07512. IMO alleges that ICE is a distributor of the elevator pumps manufactured by
Defendant Seim throughout the United States and specifically within this district.


## II.  DISCUSSION

### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal where the court lacks
personal jurisdiction over the defendant.

When a court's personal jurisdiction is properly challenged by motion under Federal Rule
of Civil Procedure 12(b)(2), the jurisdiction question thereby raised is one for the judge, with the
burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the
evidence.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Dowless v. Warren-Rupp
Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986); 2A James W. Moore, Moore's Federal
Practice P 12.07[2.-2] (1985 & Supp. 1992-93).

When the district court decides a pretrial personal jurisdiction dismissal motion without
an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction.
*Combs*, 886 F.2d at 676.  In deciding whether the plaintiff has proved a prima facie case of
personal jurisdiction, the district court must draw all reasonable inferences arising from the
proof, and resolve all factual disputes, in the plaintiff's favor.  *Id*.; *Wolf v. Richmond County
Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984), *cert. denied*, 474 U.S. 826, 88 L. Ed. 2d 68, 106

S. Ct. 83 (1985). *See Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993); *see also*, *New Wellington Financial Corp. v. Flagship Resort Development*, 416 F.3d 290, 294 (4th Cir. 2005). Allegations of personal jurisdiction may be sufficient to make a prima facie showing. *See, Clark v. Remark*, 1993 U.S. App. LEXIS 10043, at *6 (4th Cir. 1993) (*citing Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986). However, a plaintiff may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist. *Id*., at *7 (*citing Barclays Leasing v. National Business Systems*, 750 F.Supp. 184, 186 (W.D.N.C. 1990). Rather, in such a case the plaintiff must come forward with affidavits or other evidence to counter that of the defendant. *Id*. "Once both parties have presented evidence, factual conflicts must be resolved in favor of the party asserting jurisdiction for the purpose of determining whether she has made a prima facie showing of jurisdiction." *Id*.

"[F]ederal courts exercise personal jurisdiction in the manner provided by state law." *New Wellington Financial Corp.*, 416 F.3d at 294. Therefore, the first inquiry must be whether the North Carolina long-arm statute authorizes personal jurisdiction over the defendant. *Id*. If jurisdiction is authorized by the long-arm statute, the Court's second inquiry is "whether exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Id*. This two-part inquiry collapses into one where, as here, jurisdiction is asserted pursuant to North Carolina General Statute § 1-75.4(1)(d), which provides the opportunity to exercise personal jurisdiction to the extent allowed by due process. *See, Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630-31 (1977); *A.R. Haire, Inc. v. St. Denis*, 625 S.E.2d 894, 899 (N.C. App., Feb. 21, 2006). In such a case, the Court's inquiry focuses only on whether due process would be offended by the exercise of jurisdiction.

Personal jurisdiction exists in two varieties, general and specific. General jurisdiction exists where the defendant has such "continuous and systematic" contacts with the forum state that she may be haled into court in that forum on any claim. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Specific jurisdiction is more narrow, existing where the suit against the defendant arises out of her contacts with the forum state, or is related thereto. *Id.* In this case, the parties agree that if there is personal jurisdiction over the third-party defendant, such jurisdiction is of the specific variety.

> [The Fourth Circuit Court of Appeals has] synthesized the requirements of the Due Process Clause for asserting specific jurisdiction into a three-part test. Specifically, we consider: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

*New Wellington Financial Corp.*, 416 F.3d at 294-95 (citations and internal quotation marks omitted). Only if all three parts are satisfied may a court exercise specific jurisdiction over a defendant consistent with the Due Process Clause. *See, e.g.*, *Yates v. Motivation Indus. Equip. Ltd.*, 38 Fed. Appx. 174, 179 (4th Cir. 2002) (where plaintiff fails to establish one prong of the test, the others need not be considered).

**B. Personal Jurisdiction over ICE**

IMO sets forth three separate bases which, they argue, should lead to a finding of personal jurisdiction: ICE's website; an advertisement in "Elevator World;" and the declaration by Robert Coda, the acting President of ICE. None of these meet the standard for a finding of personal jurisdiction.

Although ICE's website is available in North Carolina, the existence of a website does not fulfill the requirements for personal jurisdiction. "A person's action of placing information on the Internet is not sufficient by itself to 'subject that person to personal jurisdiction in each State in which the information is accessed.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 399 (4th Cir. 2003) (*quoting ALS Scan, Inc. V. Digital Serv. Consultants, Inc*., 293 F.3d 707, 712 (4th Cir. 2002). There is no evidence that anyone in North Carolina ever purchased any goods from the website nor is there evidence that ICE made any attempt to purposefully avail themselves of the North Carolina marketplace; ICE merely operated a passive website in North Carolina. A passive website merely makes information available to the public and "cannot render [the defendants] subject to personal jurisdiction. *Id.* ICE's website, therefore, is not sufficient to support a finding of personal jurisdiction.

Similar to its website, IMO presents an advertisement in the magazine "Elevator World," a magazine accessible in North Carolina. But merely placing an advertisement in a nationwide magazine does not lead to personal jurisdiction. *See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop*., 17 F.3d 1302, 1305 (10th Cir. 1994). In the same way that ICE's website did not establish minimum contacts with North Carolina, ICE's advertisement is not sufficient for a finding of personal jurisdiction.

Finally, the truth of Mr. Coda's testimony does not have any bearing on a finding of personal jurisdiction and is therefore irrelevant to this discussion. Although the Court must accept all IMO's assertions as true, IMO has not made any positive assertions about the validity of Mr. Coda's testimony. IMO merely questions the meaning of Mr. Coda's statements, which is not a basis for personal jurisdiction.

IMO has failed to demonstrate their prima facie case. ICE did not purposefully avail itself of the privilege of conducting business in North Carolina, thus this Court has neither specific nor general jurisdiction over ICE. Further, submitting ICE to the jurisdiction of this Court would not be constitutionally reasonable and would not be in keeping with traditional notions of fair play and substantial justice**.**

**IT IS ORDERED** that Defendant ICE's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

Signed: December 19, 2006

Graham C. Mullen
United States District Judge