IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-420-MU

| | |
|---|---|
| IMO INDUSTRIES, INC. and ALLWEILER AG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) **ORDER** |
| SEIM S.R.L | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court upon Defendant SEIM s.r.l.'s Motion to Dismiss pursuant to Rule 12(b)(2), Fed. R. Civ. P., for Lack of Personal Jurisdiction over SEIM (Document #58). Assuming all of Plaintiff IMO's allegations are true, it has not met its burden of showing that SEIM has sufficient minimum contacts with the forum state required by constitutional due process. For the reasons set forth below, Defendant's motion is GRANTED.

**I. BACKGROUND**

IMO Industries, Inc. ("IMO") supplies products to the hydraulic elevator industry. One of those products is a submersible elevator screw pump. IMO's screw pump is a three-rotor, positive displacement screw pump with an axial flow design. This particular pump is covered by the claims of U.S. Patent No. 5,123,821 ("the '821 patent"). The patent holder is Allweiler, and IMO is the exclusive licensee of that patent.

On December 19, 2006, SEIM s.r.l. ("SEIM") filed its Motion to Dismiss the Second Amended Complaint filed by IMO pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal

jurisdiction.

SEIM is an Italian company with a primary location of Via A. Volta, 17-20090 Cusago (MI), Italy. IMO alleges that Defendant SEIM is the manufacturer of the elevator pumps, and ICE (a former defendant in this case) is a distributor of the elevator pumps manufactured by Defendant SEIM throughout the United States and specifically within this district.

On December 20, 2006, this Court dismissed Defendant ICE for lack of jurisdiction pursuant to Rule 12(b)(2).

**II. DISCUSSION**

The plaintiff bears the burden of establishing personal jurisdiction over the defendant by a preponderance of the evidence. Regent Lighting Corp. v. Galaxy Electrical Mfg., 933 F. Supp. 507, 509 (M.D.N.C. 1996). However, when evaluating a motion to dismiss pursuant to Federal Rule 12(b)(2), if no evidentiary hearing is held, such as in this case, the plaintiff needs to establish a prima facie case of personal jurisdiction. Id. Here, IMO could establish personal jurisdiction over the defendant in two ways: the stream of commerce test or under Rule 4(k)(2).

**A. Personal Jurisdiction under Stream of Commerce**

In patent cases, the law of the Federal Circuit is applied to determine personal jurisdiction. See Beverly Hills Fan Co. V. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). According to the Federal Circuit, a prima facie showing of personal jurisdiction over an alien defendant is established through the stream of commerce test. This test requires: 1) the alien defendant placed the accused product into the stream of commerce, 2) the alien defendant knew or should have known the likely destination of the product, and 3) the alien defendant's conduct and connections with the forum state are such that it may reasonably foresee being

hauled into court within that forum.  Id.

Here, IMO's argument for personal jurisdiction over SEIM fails with respect to the second element: the alien defendant knew or should have known the likely destination of the product.  SEIM claims that it does not make, use, offer to sell, or sell the accused product into North Carolina.  (Defendant SEIM's Motion to Dismiss Document No. 58, p. 6).  IMO responds by merely stating, "The method of operation of the elevator parts industry fully supports Plaintiff's assertion that Seim pumps are present in North Carolina." (Plaintiff's Sur-Reply Document No. 67, p. 6).  IMO does not offer any description or relevant facts regarding the operation of the elevator parts industry and offers no evidence supporting its allegations that the product in controversy is found within the forum state.  Instead, IMO relies on Beverly Hill Fans Co. v. Royal Sovereign Corp., which is analogous in many respects to the present case, except that in Beverly Hills Fan Co., the plaintiff presented proof of the products being present in the forum state.  21 F.3d at 1564-65.  There is no such evidence being offered by IMO to prove that the elevator pumps manufactured by SEIM have ended up in North Carolina.

Next, IMO argues that the elevators pumps have necessarily entered into North Carolina because SEIM uses distributor, Innovative Continental Equipment ("ICE"), to sell its products to a network of OEM manufactures in North America.  (Plaintiff's Response Document No. 60, p. 7).  This alleged distribution channel merely establishes SEIM's contacts with the United States as a whole but does not shed light on SEIM's relevant contacts with North Carolina.  IMO fails to show how SEIM's use of this distribution channel proves that SEIM's elevator screw pumps are anywhere in North Carolina.

IMO further argues that SEIM's website and an advertisement in a trade magazine, taken together with SEIM's distribution channel, provides a basis for finding jurisdiction over SEIM

(Plaintiff's Response Document 60, p. 8). IMO claims that since the website promotes SEIM's pumps into the United States, then North Carolina is necessarily included in that market. Id. IMO relies on Akeva, L.L.C., v. Mizuno, where the court found personal jurisdiction over the defendant when there was a lack of direct involvement with the forum state; however, that case is distinguishable because the allegedly infringing goods were actually being sold within the forum state. Akeva, L.L.C., v. Mizuno, 199 F. Supp. 2d 336, 341 (M.D.N.C. 2002). Website access alone is not sufficient to show use in a state. Again, IMO does not provide any reasoning or support for its conclusions, and thus has not established that the allegedly infringing elevator pumps can be found anywhere in North Carolina.

Lastly, IMO argues that jurisdiction over SEIM is supported by the traditional notions of justice. (Plaintiff's Response Document 60, p. 12). Often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify the serious burdens placed on the alien defendant; however, sufficient minimum contacts must be established first. See Asahi Metal Ind. Co. v. Superior Court of California, 480 U.S. 102, 113 (1987).

IMO has not satisfied the constitutional requirements of due process for exercising jurisdiction over SEIM because IMO has failed to prove SEIM has the necessary minimum contacts with the State of North Carolina.

**II. Personal Jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2)**

Rule 4(k)(2) states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

FED. R. CIV. P. 4(k)(2) 2006. To establish jurisdiction under Rule 4(k)(2), a plaintiff must show:

1) the claim arises under federal law, 2) the defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state, and 3) the court's exercise of jurisdiction would be consistent with the Constitution and the laws of the United States. Base Metal Trading, Ltd. V. OJSC Novokuznetsky Aluminum Factory, 283 F. 3d 208, 215 (4th Cir. 2002).

IMO's argument fails with respect to the second element: the defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state. IMO claims that if North Carolina does not have jurisdiction, then jurisdiction must be improper in any state. (Document No. 60, p. 17). SEIM argues that it may be subject to jurisdiction in another state where actual SEIM products can be located. (Document 64, p. 6). It is undisputed that SEIM participates in the United States market; therefore, its products must be present in at least one state within the United States, thus subjecting SEIM to personal jurisdiction within that state. Additionally, IMO fails to explain why SEIM would not be subject to personal jurisdiction in the State of Florida when IMO argued that SEIM, and its distributor ICE, attended the annual international trade show in Florida. Personal jurisdiction pursuant to Rule 4(k)(2) fails because SEIM is subject to personal jurisdiction in another state.

IMO has failed to make a prima facie showing of personal jurisdiction over SEIM. IMO has not provided this Court with any evidence showing that the stream of commerce has led SEIM's elevator screw pumps into the State of North Carolina. Further, submitting SEIM to the jurisdiction of this Court does not comport with the constitutional requirement of due process.

**IT IS ORDERED** that Defendant SEIM's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

Signed: June 4, 2007

*[signature]*

Graham C. Mullen
United States District Judge